IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) )  CIVIL ACTION NO. 1:09cv00700 |
| Plaintiff, | ) ) ) |
| v. | )  COMPLAINT ) |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL, | )  JURY TRIAL DEMAND ) ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Amanda Tittle Strickland ("A. Strickland"), Maria Kinley Strickland ("M. Strickland"), Tina Baxley ("Baxley"), and other similarly situated female employees who were adversely affected by such practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), alleges that Defendant, Dolgencorp, LLC, d/b/a Dollar General ("Defendant"), subjected A. Strickland, M. Strickland, Baxley, and other similarly situated female employees to a sexually hostile work environment because of their sex, female, and constructively discharged M. Strickland because of her sex, female.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant is a Kentucky corporation with its principal place of business in Goodlettsville, Tennessee.

5. At all relevant times, Defendant has been doing business in the State of North Carolina and the cities of Pleasant Garden and Greensboro, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, A. Strickland, M. Strickland and Baxley filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2005 until at least May 2006, Defendant engaged in unlawful employment practices at its facilities in Pleasant Garden and Greensboro, North

Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as set forth below:

    a.    From around September 2005 until around May 2006, Defendant subjected A. Strickland to sexual harassment that created a sexually hostile work environment based on her sex, female.  The harassment was perpetrated by one of Defendant's male store managers, who was not in A. Strickland's direct line of supervision.  The harassment was severe or pervasive and included but was not limited to, unwelcome sexual comments, such as stating that A. Strickland was "really hot," had a "nice ass," "looked good" in her Dollar General uniform, had "big titties," and sexual comments about female customers, including comments about female customers' breasts.  The manager also requested to see A. Strickland's breasts and subjected A. Strickland to unwelcome sexual touching by attempting to hug her and by grabbing the back of her hip near her buttocks while making the comment "don't you look good today." The manager also poked A. Strickland on or near her buttocks several times with a Playboy magazine and popped her bra strap on several occasions.  The frequency of the unwelcome sexual conduct by the store manager was sometimes as often as twice per week.  Although A. Strickland complained about the unwelcome sexual comments and conduct to Defendant at least five or more times, and Defendant otherwise knew or reasonably should have known about the harassment, the harassment continued.

    b.    From around February 2006 until around April 2006, Defendant subjected M. Strickland to sexual harassment that created a sexually hostile work environment based on her sex, female.  The harassment was perpetrated by one of Defendant's

male store managers who was in M. Strickland's direct line of supervision. Said manager is the same manager who subjected A. Strickland to sexual comments and conduct. The harassment was severe or pervasive and included, but was not limited to, unwelcome sexual comments such as telling M. Strickland on the day she was hired, that "you look good, you're hired." The manager also inquired what M. Strickland's favorite sexual positions were, directed her to "go back into the cooler so we can do what we need to do," or so that he could "show her what a real man is," asked her to "get some of [her] girls so [they could] all come dance for [him]" and asked her "can you tell me if I have to pee?...Grab my dick and tell me if I have to pee." The manager requested sexual favors and propositioned M. Strickland for sex, including for sex "outside behind the dumpsters," and for a threesome with the manager and his girlfriend. He also made comments about M. Strickland's body including "your ass looks nice," and "you sure look good in your uniform." The manager also promised to make M. Strickland an assistant manager or give her a raise if she would have sex with him. The manager also subjected M. Strickland to unwelcome touching by grabbing her breasts and remarking that she did not need breast implants, smacking her buttocks at least 30-40 times within her two months of employment, touching her neck, pulling her hair and popping her bra strap. The manager made frequent comments about other females' breasts in front of M. Strickland and showed her Playboy magazines, commenting "look at the tits on her" and "I'd love to fuck her." The unwelcome sexual conduct by the store manager occurred approximately eight to ten times daily. Although M. Strickland complained about the unwelcome sexual

4

comments and conduct to Defendant on more than one occasion, and Defendant otherwise knew or reasonably should have known about the harassment, the harassment continued. The harassment was so intolerable that M. Strickland was forced to resign because of the harassment on or around April 8, 2006.

c. From around February 2005 until around September 2005, Defendant subjected Baxley to sexual harassment that created a sexually hostile work environment based on her sex, female. The harassment was perpetrated by one of Defendant's male store managers who was in Baxley's direct line of supervision. Said manager is the same manager who subjected A. Strickland and M. Strickland to sexual comments and conduct. The harassment was severe or pervasive and included but was not limited to, unwelcome sexual comments, such as stating that "boobs" were his favorite female body parts. The manager repeatedly asked Baxley to show him her breasts and also asked if she and her sister-in-law would "come and dance" for him. The manager also made comments about female customers' breasts and buttocks and would look up women's skirts in the store. He would also spend long periods of time in his office looking at Playboy magazines which he would keep in his office, which he made known to Baxley and other female employees. The manager showed Baxley pictures of women and commented on their breasts and buttocks. The manager also subjected Baxley to unwelcome sexual touching by popping her bra strap and grabbing her buttocks. The unwelcome sexual conduct by the store manager occurred at least weekly. Although Baxley complained about the unwelcome sexual comments and conduct to Defendant on more than one occasion, and Defendant otherwise

knew or reasonably should have known about the harassment, the harassment continued.

  d.  Defendant subjected other similarly situated female employees to the sexually hostile work environment that it knew existed and which was created by said male manager and was based on their sex, female. The harassment was perpetrated by the said manager who was a co-worker as to some of the other similarly situated female employees and a supervisor in the direct line of supervision as to others. The harassment was severe or pervasive and included, but was not limited to, unwelcome sexual comments, such as requests for sexual favors, as well as unwelcome sexual touching.

9.  The effect of the practice complained of in paragraph 8 above has been to deprive A. Strickland, M. Strickland, Baxley, and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, female.

10.  The unlawful employment practices complained of in paragraph 8 above were intentional.

11.  The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of A. Strickland, M. Strickland, Baxley, and other similarly situated female employees.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from creating, maintaining or

6

Case 1:09-cv-00700-JAB-LPA  Document 1  Filed 09/11/09  Page 6 of 8

engaging in a sexually hostile work environment or any other employment practice which discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole M. Strickland by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole A. Strickland, M. Strickland, Baxley, and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole A. Strickland, M. Strickland, Baxley, and other similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay A. Strickland, M. Strickland, Baxley, and other similarly situated female employees punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 11th day of September 2009.

>Respectfully submitted,
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>131 M Street, NE
>Washington, DC 20507
>
>s/ Lynette A. Barnes
>LYNETTE A. BARNES (N.C. Bar No. 19732)
>Regional Attorney
>E-mail: Lynette.Barnes@eeoc.gov
>
>TINA BURNSIDE (Wis. Bar No.1026965)
>Supervisory Trial Attorney
>E-mail: Tina.Burnside@eeoc.gov
>
>s/ Nicole A. Epstein
>NICOLE A. EPSTEIN (N.C. Bar No. 26689)
>Trial Attorney
>E-mail: Nicole.Epstein@eeoc.gov
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>129 W. Trade Street, Suite 400
>Charlotte, North Carolina 28202
>Telephone: (704) 344-6885
>Facsimile: (704) 344-6780